| | |
|---|---|
| **GLENN LIOU,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| | |
| **v.** | |
| | |
| **LE REVE RITTENHOUSE SPA, LLC,** | **NO.  18-5279** |
| **doing business as "LE REVE** | |
| **RITTENHOUSE DAY SPA,"** | |
| **LE REVE RITTENHOUSE MEDICAL** | |
| **SPA, LLC, doing business as "LE REVE** | |
| **RITTENHOUSE DAY SPA," and** | |
| **SOPHIA BRODSKY,** | |
| **Defendants.** | |

**DuBois, J.**                                                                                      **March 27, 2019**

**M E M O R A N D U M**

## I.      INTRODUCTION

This age discrimination case arises out of plaintiff Glenn Liou's application for employment as a receptionist at Le Reve Rittenhouse Day Spa, owned and operated by defendants.  Plaintiff asserts that his application was rejected on the basis of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. § 951, *et seq.*  Presently before the Court is defendants' motion to dismiss plaintiff's Amended Complaint.  For the reasons that follow, the motion to dismiss is denied.

## II.      BACKGROUND

Plaintiff is a New York resident born on August 30, 1960.  Am. Compl. ¶ 8.  At all times material to the incidents described herein, plaintiff was fifty-five years old.  *Id.*  Defendants Le Reve Rittenhouse Spa, LLC, and Le Reve Rittenhouse Medical Spa, LLC, ("Le Reve LLCs"), both of which are Pennsylvania limited liability companies, own and operate Le Reve

Rittenhouse Day Spa, located in Philadelphia, Pennsylvania. *Id.* ¶¶ 9–10, 12–13. Defendant

Sophia Brodsky is the Chief Executive Officer of the Le Reve LLCs and the general manager

and head of operations at Le Reve Rittenhouse Day Spa. *Id.* ¶ 15. Brodsky is "responsible for

the development and/or approval of all advertisements of employment and . . . decisions of

which job applicants to hire or to refuse to consider for employment." *Id.*

 Defendants posted an advertisement for a position as a receptionist at Le Reve

Rittenhouse Day Spa on Indeed.com, a search engine for job listings. *See id.* ¶ 18. The posting

stated that the spa was seeking a "young energetic person" for the position. *Id.* ¶ 19. The

posting also instructed candidates to attach a photo of themselves, explaining "RESUMES

WITH NO PICTURE WILL NOT BE LOOKED AT." *Id.* (emphasis in original).

 On or about January 24, 2016, plaintiff applied for the receptionist position. *Id.* ¶ 18. In

doing so, he followed "all application requirements," including submitting a recent photo of

himself and his resume. *Id.* ¶ 21. His resume highlighted his previous customer service

experience and communication skills and also "indicated that he was fifty-five (55) years of

age." *Id.* He asserts that he was "well qualified and willing and able to perform all of the

essential duties, responsibilities and requirements of the job as posted without limitation." *Id.*

¶ 20.

 Plaintiff received confirmation from Indeed.com that his application was received on or

about January 24, 2016. *Id.* ¶ 22. Plaintiff "never received a response" from defendants. *Id.*

¶ 23. Thereafter, the receptionist position "remained open for a significant period of time." *Id.*

¶ 24.

 After exhausting his administrative remedies, plaintiff filed the Complaint on December

6, 2018, and the Amended Complaint on February 13, 2019. *See id.* ¶¶ 16–17. Plaintiff asserts

claims of age discrimination under the ADEA (Counts I & II) and the PHRA (Counts III & IV) against the Le Reve LLCs and a claim of age discrimination under the PHRA against Brodsky (Count V). *See id.* ¶ 26. On March 7, 2019, defendants filed the present motion to dismiss (Document No. 12). On March 21, 2019, plaintiff filed a response to the motion (Document No. 13). The motion is thus ripe for decision.

## III.    LEGAL STANDARD

"The purpose of a 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint." *Nelson v. Temple Univ.*, 920 F. Supp. 633, 634 n.2 (E.D. Pa. 1996). To survive a motion to dismiss, a plaintiff must allege "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In assessing the plausibility of a plaintiff's claims, a district court first identifies those allegations that constitute nothing more than mere "legal conclusions" or "naked assertion[s]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 564 (2007). Such allegations are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then assesses "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief. *Id.* at 680. "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## IV.    DISCUSSION

Defendants aver that plaintiff's Amended Complaint should be dismissed because plaintiff failed to plead sufficient facts to support a violation of the ADEA or PHRA.  Defs.' Mot. Dismiss 1.  Defendants also argue that Counts I and II should be dismissed against the Le Reve LLCs, because they are not "employers" within the scope of the ADEA.  *Id.*  Finally, defendants contend that the Amended Complaint should be dismissed against Brodsky, because the hiring decisions were performed by the employer-defendants, not by Brodsky as an individual.  Mem. Supp. Defs.' Mot. Dismiss 2.

### a.  Plaintiff's Age Discrimination Claims Under the ADEA and the PHRA (All Counts)[1]

Defendants argue that plaintiff failed to allege sufficient facts to state a claim under the ADEA or the PHRA.  Defs.' Mot. Dismiss 1.  To state a prima facie case for age discrimination under the ADEA or the PHRA, plaintiff must allege that (1) he is forty years of age or older, (2) that he applied for and was qualified for the job, (3) that despite those qualifications, he was rejected, and (4) that the employer either "ultimately filled the position with someone sufficiently younger to permit an inference of age discrimination" or the position remained open and "the employer continued to seek applicants from among those having plaintiff's qualifications."  *See Barber v. CSX Distribution Servs.*, 68 F.3d 694, 698 (3d Cir. 1995); *see also Fasold v. Justice*, 409 F.3d 178, 184 (3d Cir. 2005) (applying this test to both the ADEA and the PHRA).

First, defendants argue that plaintiff was not a "bona fide candidate or applicant for employment," because plaintiff had no genuine interest in obtaining employment with defendant and instead applied only for the purpose of filing a lawsuit.  Defs.' Mot. Dismiss 1.  The Court

---

[1] The Court notes that it is unclear whether defendants make the arguments addressed in this Section.  Although they make these arguments at the beginning of their motion, they do not mention them in their supporting memorandum, and plaintiff does not respond to them.  Nevertheless, the Court decided to address and reject the arguments.

concludes this argument is unavailing. At the motion to dismiss stage, the Court must "test the legal sufficiency of the complaint." *See Nelson v. Temple Univ.*, 920 F. Supp. 633, 634 n.2 (E.D. Pa. 1996). Accepting the factual allegations in the Complaint as true, there is no basis for looking beyond the pleadings to determine whether plaintiff's application was insincere. Furthermore, defendants have provided no legal basis for the argument that plaintiff was required to plead facts asserting the sincerity of his application. Thus, this argument is rejected.

Second, defendants contend that plaintiff's allegation that he sent in a resume and did not receive a response is insufficient to support either an ADEA or a PHRA violation. Defs.' Mot. Dismiss 1. The Court disagrees. Plaintiff alleges that he applied for the job, following all application requirements; that his application was confirmed received; that defendants failed to respond to plaintiff's application "refusing to hire" him due to his age in spite of his qualifications; and that "the position remained open for a significant period of time." Am. Compl. ¶¶ 20–24, 29, 35, 42, 50. The Court concludes that these factual allegations are sufficient to state a claim of age discrimination under the ADEA and PHRA.

### b. Defendants as Employers Under the ADEA (Counts I & II)

Defendants contend that ADEA age discrimination claims against the Le Reve LLCs (Counts I & II) should be dismissed, because the Le Reve LLCs do not constitute employers within the scope of the ADEA. Mem. Supp. Defs.' Mot. 1. The ADEA defines an "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b). Defendants contend that the Le Reve LLCs employed fewer than twenty individuals at the time of the events set forth in the Complaint. Defs.' Mot Dismiss 1–2.

The Court rejects this argument.  At this stage, the Court accepts plaintiff's factual allegations as true, and plaintiff explicitly alleges that both Le Reve LLCs "employed in excess of twenty (20) people."  Am. Compl. ¶¶ 11, 14.  However, defendants may raise this argument again at a later stage in the proceedings after completion of discovery by motion for summary judgment and/or at trial.  *See Hewitt v. BS Transportation of Illinois, LLC*, 355 F. Supp. 3d 227, 234 (E.D. Pa. 2019) ("The Court will address the question whether [defendant] is an employer within the scope of Title VII at the summary judgment stage.").

### c.   Brodsky's Liability under the PHRA (Count V)

Defendants argue that the PHRA claim against Brodsky (Count V) should be dismissed because all relevant hiring decisions were performed by Le Reve Rittenhouse Spa, LLC, and its agents—not by Brodsky as an individual.  Defs.' Mot. Dismiss 2.

Under Section 955(e) of the PHRA, a supervisory employee who aids and abets an employer's unlawful discriminatory conduct is subject to individual liability.  *See Dici v. Pennsylvania*, 91 F.3d 542, 553 (3d Cir. 1996).  "[A]n individual supervisory employee can be held liable under an aiding and abetting/accomplice theory pursuant to § 955(e) for his own direct acts of discrimination or for his failure to take action to prevent further discrimination by an employee under supervision."  *Davis v. Levy, Angstreich, Finney, Baldante, Rubenstein & Coren P.C.*, 20 F. Supp. 2d 885, 887 (E.D. Pa. 1998);  *see also* Owens-*Presley v. MCD Pizza, Inc.*, No. 14-6002, 2015 WL 569167, at *3 (E.D. Pa. Feb. 10, 2015) (concluding plaintiff stated a claim for individual liability on aiding and abetting theory where she alleged defendant, inter alia, was CEO and "exercised control over the management, operations and policies" of the defendant employer).

In this case, plaintiff alleges that Brodsky held several supervisory positions as CEO, general manager, and head of operations responsible for all employment decisions. Am. Compl. ¶¶ 15, 58. He further avers that Brodsky "willfully discriminated . . . and/or aided and abetted" the Le Reve LLCs in discriminating against him on the basis of his age. *Id.* ¶¶ 15, 24, 59. This is sufficient to state a claim of individual liability against Brodsky under the PHRA. Accordingly, the Court denies that part of defendants' motion seeking to dismiss Count V.

## V.     CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is denied. An appropriate order follows.